UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BROADCAST MUSIC, INC., *et al.*,

                      Plaintiffs,
v.                                               **DECISION AND ORDER**
                                                        10-CV-240S

HAIBO, INC., d/b/a YINGS WINGS THINGS
and HAIBO L. JIANG, individually

                      Defendants.
_____

       1.       On March 12, 2012, this Court issued a Decision and Order (Docket No. 35) granting Plaintiffs, Broadcast Music Inc., *et al.* ("BMI"), summary judgment and awarding them a total of $20,000 for eight violations of the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. ("Copyright Act"), committed by Defendants, Haibo, Inc., doing business as Yings Wings Things, and its sole shareholder and director, Haibo L. Jiang.

       BMI now moves for attorney fees and costs. (Docket Nos. 37, 38.) Defendants do not oppose the motion.

       2.       The Copyright Act provides that courts, at their discretion, may award reasonable attorney fees to the prevailing party. 17 U.S.C. § 505. In determining whether to award attorney fees, a court considers several nonexclusive factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 n. 19, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994) (internal quotation marks omitted). These factors may be used only "so long as [they] are faithful to the purposes of the Copyright Act." Id. "The Second Circuit has held that the objective unreasonableness factor should be given substantial weight in determining whether to award attorney's fees." Broad.

Music, Inc. v. DFK Entm't, LLC, No.1:10-cv-1393 (GLS/DRH), 2012 WL 893470, at *5 (N.D.N.Y. Mar. 15, 2012) (citing Matthew Bender & Co., Inc. v. West Pub. Co., 240 F.3d 116, 122 (2d Cir. 2001)).

As discussed in detail in this Court's March 12, 2012 Decision and Order, Defendants repeatedly ignored BMI's entreaties and warnings concerning Defendants' continued violation of BMI's licencing rights. (See Decision and Order, p. 9.) Such wilful blindness constitutes "objective unreasonableness." See DFK Entm't, 2012 WL 893470, at *5 (finding it objectively unreasonable that defendant "repeatedly ignored BMI's letters and phone calls"). Further, as in DFK Entertainment, Defendants here have offered no viable explanation or defense for their violations and a fee award is thus appropriate and necessary to advance the Copyright Act's "considerations of compensation and deterrence." See id.; see also Fogerty, 510 U.S. at 534 n. 19.

3.      In awarding fees, courts within the Second Circuit apply the "presumptively reasonable fee analysis" in determining the appropriate remuneration. Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC, 497 F.3d 133, 141 (2d Cir. 2007). This analysis "involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the presumptively reasonable fee award." Id. In determining what is reasonable, courts may utilize the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of

> the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

<u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany</u>, 493 F.3d 110, 114 n. 3 (2d Cir. 2007) (quoting <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974))

  4. Here, BMI's attorneys submitted an itemized affidavit detailing the hours spent litigating this case. In total, Attorney Paul Perlman, a senior partner, spent 45.1 hours on the case in 2010, when his fee was $360.00, and 22 hours in 2011, when his fee was $375.00. (Perlman Aff., p. 13; Docket No. 38-1.) Attorney Cynthia Ludwig, a senior associate, spent 3.9 hours on the case at a rate of $220.00 per hour. (<u>Id.</u>) Finally, Leslie Fischer, a paralegal, spent 1.5 hours on the case at a rate of 130.00 per hour. (<u>Id.</u>)

  5. After careful review of the Perlman Affidavit, this Court is satisfied that the hours expended by the professionals working on behalf of BMI are reasonable in light of (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the level of skill required to perform the legal service properly. See Arbor Hill, 493 F.3d at 114 (first three factors).

  6. As for the professionals' hourly rates, in <u>Granite Music Corp. v. Center St. Smoke House, Inc.</u>, Judge Richard J. Arcara, adopting the findings of Magistrate Judge Leslie G. Foschio, found that the prevailing hourly rates in this district for this type of litigation were the following: $355 for senior partners; $250 for partners; $180 for associates and; $100 for paralegals. 786 F. Supp. 2d 716, 739 (W.D.N.Y. 2011); <u>see also</u> <u>Gierlinger v. Gleason</u>, 160 F.3d 858, 882 (2d Cir.1998) (courts may consider the prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience and reputation").

7. Although slightly higher than $355 per hour, this Court finds that Attorney Perlman's rates of $360 and $375 are reasonable considering his thirty years of experience as a copyright attorney. See Arbor Hill, 493 F.3d at 114 (ninth factor);(see also Perlman Aff., ¶ 5.)

Attorney Ludwig has been practicing law for eight years and has attained "senior associate" status at her law firm. (Perlman Aff. ¶ 6.) Considering this and the fact that Judge Arcara's finding in Granite Music Corp. relied on a case that is now almost six years old (Klimbach v. Spherion Corp., 467 F. Supp. 2d 323, 331-32 (W.D.N.Y. 2006)), this Court finds that a $220.00 hourly rate is also reasonable in this case.

Paralegal Fischer's rate, however, will be reduced. Her duties in this case were limited to organizing and scheduling service of process. Without an explanation that these duties required special skill or were especially difficult in this case, this Court finds that $130.00 per hour is unreasonably high. Instead, this Court will reduce the fee by half, to $65 per hour.

8. Lastly, this Court finds no error in Plaintiffs' Bill of Costs (Docket No. 37), which reflects the filing fee, fees for service of the summons, and fees related to the production of transcripts, totaling $1,011.50.

9. Based on the forgoing, Plaintiffs' motion is granted and they will be awarded $25,441.50 in attorney fees and $1,011.50 in costs.

****

IT HEREBY IS ORDERED, that Plaintiff's Motion for Attorney Fees (Docket No. 38) is GRANTED.

FURTHER, that the Clerk of the Court shall enter judgment for the Plaintiffs in the

amount of $26,453.00, which accounts for $25,441.50 in attorney fees and $1,011.50 in costs.

    SO ORDERED.


Dated: April 19, 2012
       Buffalo, New York

                                                    <u>/s/William M. Skretny</u>
                                                   WILLIAM M. SKRETNY
                                                         Chief Judge
                                          United States District Court